UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MOHAMAD JABRINI,<br>Petitioner, | Case No. 1:17-cv-629 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| U.S. ATTORNEY GENERAL, *et al.*,<br>Respondents. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in custody at the Butler County Jail in Hamilton, Ohio, has filed a motion for leave to proceed *in forma pauperis*, in connection with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his continued detention by the United States Immigration and Customs Enforcement Agency pursuant to a removal order. Petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[1] (*See* Doc. 1 at PageID 4–5). Petitioner seeks immediate release from custody. (*Id.* at PageID 7).

Petitioner has failed to include a certified copy of his prisoner trust fund account statement so the Court can properly assess whether or not petitioner has insufficient funds in his prison account to initiate this action without prepayment of fees.

Typically, in this instance, the Court would issue a Deficiency Order directing petitioner to submit a completed application and affidavit to proceed without prepayment of fees or pay the full filing fee. However, on September 15, 2017, prior to filing the instant petition, petitioner

---

[1] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

filed a motion for leave to proceed *in forma pauperis* in connection with a separate, identical habeas petition. *See Jabrini v. Attorney General*, No. 1:17-cv-621 (S.D. Ohio Sept. 15, 2017) (Barrett, J.; Bowman, M.J.) (Doc. 1).

The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A district court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (citing *Remington Rand Corp.-Delaware v. Bus. Sys. Inc.,* 830 F.2d 1274, 1275-76 (3rd Cir. 1987)) (and Supreme Court cases cited therein); *Chrysler Credit Corp. v. Marino,* 63 F.3d 574, 578 (7th Cir. 1995) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993)) ("A federal suit may be dismissed for 'reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'").

In this case, because the two habeas petitions filed by petitioner are identical, the instant later-filed petition should be dismissed as duplicative of the petition now pending before Judge Barrett. *See, e.g., Davis v. United States Parole Comm'n,* No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (the dismissal of a later-filed habeas petition as duplicative of a pending petition "was proper," in a case where the petitioner did "not dispute the district court's finding that the . . . petition [was] 'essentially the same' as the earlier petition"); *see also Cummings v. Rapelje,* No. 11-cv-10239, 2011 WL 346480, at *1 (E.D. Mich. Feb. 3, 2011) (and cases cited therein) (in holding that a habeas petition was subject to dismissal as duplicative of the

2

petitioner's "still pending first habeas petition, because both cases seek the same relief," the district court stated that "[a] suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions"); *Ware v. Wolfenbarger,* No. 2:07-cv-11006, 2007 WL 908004, at *1-2 (E.D. Mich. Mar. 23, 2007) (dismissing as duplicative a later-filed habeas petition, which "challenge[d] the same conviction and raise[d] the same claims and ma[de] the same arguments as the petition in the case pending before" another district judge).

Accordingly, it is hereby **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily **DISMISSED** without prejudice to petitioner's prosecution of the duplicative habeas petition which is currently pending before the Court in the case entitled *Jabrini v. Attorney General*, No. 1:17-cv-621 (S.D. Ohio Sept. 15, 2017) (Barrett, J.; Bowman, M.J.) (Doc. 1). *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining pending action); *Green, supra,* 2008 WL 2489840, at *2 (the dismissal of the duplicative habeas petition was "without prejudice").

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated

in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/21/17

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MOHAMAD JABRINI,
Petitioner,

vs.

U.S. ATTORNEY GENERAL, *et al.*,
Respondents.

Case No. 1:17-cv-629

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).